

**Thomas R. Manisero**
914.872.7229 (direct)
917.566.3594 (mobile)
Thomas.Manisero@wilsonelser.com

March __, 2021

**VIA E-MAIL: rcollins@cgmbesq.com**

Rick Collins, Esq.
Collins Gann McCloskey & Barry PLLC
138 Mineola Boulevard
Mineola, New York 11501

    Re:    <u>Justin McAuliffe, CPA</u>

Dear Mr. Collins:

    I write regarding our mutual client, Justin McAuliffe, CPA. As you know, I have been retained to counsel Mr. McAuliffe with respect to matters relating to his New York State Certified Public Accountant's license.

    Mr. McAuliffe was licensed as a Certified Public Accountant ("CPA") in New York on January 17, 2012. His license number is 109092, his registration is current, and he currently is registered through August 31, 2023. As a New York licensed CPA,[1] Mr. McAuliffe is regulated by the New York State Education Department, Office of the Professions (the "Department"), and is subject to the requirements of Articles 130 and 149 of the New York Education Law, Sections 29.1 and 29.10 of the Rules of the Board of Regents, and the Regulations of the Commissioner of Education. You have asked what the potential consequences would be for Mr. McAuliffe's New York CPA license if he is either convicted of or pleads guilty to a felony or misdemeanor relating to his behavior on January 6, 2021.

    Under §29.10(e)(2)(i) of the Board of Regents Rules, New York licensed CPAs are required submit a written report to the Department within 45 days following a conviction, including a plea, to any felony or misdemeanor unless, pursuant to §29.10(e)(5)(i), the court has included language in its decision that the decision "shall not be reported to the [D]epartmeent pursuant to this subdivision." Upon receiving a report pursuant to §29.10 (e)(2)(i), the Department is mandated to commence an investigation, and, if it is determined appropriate, to institute disciplinary proceedings against the licensed CPA. These procedures are outlined in

---

[1] Considering that Mr. McAuliffe resides and works in New York, I consider his New York license as primary, and I have not considered the consequences for professional licenses other than his New York CPA license.



- 2 -

Education Law § 6510, and the penalties for a licensed professional are spelled out in Education Law § 6511, which include censure and reprimand, suspension of license, revocation of license, and fine.

    Based upon my experience of having represented many CPAs in connection with investigations and disciplinary proceedings with the Department for more than 25 years, I consider it highly likely that Mr. McAuliffe will face charges seeking revocation of his CPA license if he is convicted of or pleads guilty to a felony, and that he will face charges seeking suspension or revocation of his CPA license if he is convicted of or pleads guilty to a misdemeanor. Furthermore, even if the court includes language in its decision that relieves Mr. McAuliffe of his responsibility to report a conviction under §29.10(e)(2)(i) of the Board of Regents Rules, he then only would be relieved from facing additional disciplinary charges for failing to report, and he still can face disciplinary proceedings if the Department learns of the conviction, or the underlying conduct, through other means. Even though Mr. McAuliffe's behavior was not directly related to his performance as a CPA, I know from experience that the Department will cite §29.1(5) of the Board of Regents Rules, arguing his behavior "evidence[d] moral unfitness." The burden would then fall upon Mr. McAuliffe to engage in expensive and drawn out administrative proceeding litigation, should he choose to fight the Department.

    I remain available to discuss this matter with you as you need.

    Very truly yours,

    WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP



    Thomas R. Manisero

TRM:ms

cc:    Justin McAuliffe, CPA.